# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 1708017970 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK17-08-0085-01 |
| CHRISTOPHER SUDLER, | : | DDeal + AF   (F) |
| | : | |
| Defendant. | : | |

## ORDER

Submitted: November 1, 2019
Decided: November 20, 2019

On this 20th day of November, after considering Christopher Sudler ("Mr. Sudler")'s motion for postconviction relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. On April 27, 2018, Mr. Sudler pled guilty to one count of Drug Dealing with an Aggravating Factor, 16 *Del. C*. § 4753(2). He pled on the day of his scheduled suppression hearing. He faced the following charges: one count of Possession of a Firearm During the Commission of a Felony; one count of Possession of Ammunition by a Person Prohibited; one count of Possession of a Deadly Weapon and Illegal Drug; one count of Possession of a Firearm by a Person Prohibited; one count of Gang Participation; one count of Resisting Arrest; one count of Possession of Drug Paraphernalia; and one count of Possession of Marijuana. The State entered a *nolle prosequi* on the later charges in exchange for his plea. As part of the plea agreement, the State also agreed to request dismissal of Mr. Sudler's pending violations of probation in Kent and New Castle Counties.

2. The parties jointly recommended a sentence of fifteen years incarceration, suspended after six years, followed by probation. The Court agreed and sentenced Mr.

Sudler accordingly.

3. Mr. Sudler did not appeal his conviction or sentence to the Delaware Supreme Court. Instead, his counsel filed a motion for correction of sentence on May 14, 2018. The Court granted the motion on June 11, 2018. In doing so, it provided him the credit time he was due.

4. Mr. Sudler then filed a *pro se* motion for a reduction of sentence on January 31, 2019. The Court denied it as untimely. On March 6, 2019, Mr. Sudler next filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61. He alleged, in part, ineffective assistance of counsel. He also alleged that his plea was not knowing and voluntary.

5. After considering the parties' positions and the record, the Commissioner denied Mr. Sudler's motion. Mr. Sudler did not file exceptions to her Report and Recommendation.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated October 18, 2019;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is adopted in its entirety. Accordingly, Mr. Sudler's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark

2

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID No. 1708017970 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK17-08-0085-01 |
| CHRISTOPHER SUDLER, | ) | DDeal + AF   (F) |
| | ) | |
| Defendant. | ) | |

**COMMISSIONER'S REPORT AND RECOMMENDATION**

**Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61**

Jason C. Cohee, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Christopher Sudler, *Pro se*.

FREUD, Commissioner
October 18, 2019

The defendant, Christopher Sudler ("Sudler"), pled guilty on April 27, 2018 on the day his matter was set for a suppression hearing and trial to one count of Drug Dealing with an Aggravating Factor, 16 *Del. C.* § 4753(2). He also faced one count of Possession of a Firearm During the Commission of a Felony, one count of Possession of Ammunition by a Person Prohibited, one count of Possession of a Deadly Weapon and Illegal Drug, one count of Possession of a Firearm by a Person Prohibited,  one count of Gang

4

Participation, one count of Resisting Arrest, one count of Possession of Drug Paraphernalia and one count of Possession of Marijuana which were *nolle prossed* by the State in exchange for Sudler's plea. As part of the plea deal the State agreed to drop all of Sudler's pending Violation of Probation allegations in Kent and/or New Castle County. The State and Defense recommended a sentence of fifteen years incarceration, suspended after serving six years, followed by probation. The Court agreed with the sentence recommendation and sentenced Sudler accordingly. Had Sudler gone to trial and been found guilty as charged he faced substantial time in prison. Sudler did not appeal his conviction or sentence to the State Supreme Court. Instead, Sudler's counsel filed a Motion for Correction of Sentence on May 14, 2018 which this Court granted on June 11, 2018 and reset the effective date of the sentence.[1] Next, Sudler filed a *pro se* Motion for Reduction of Sentence on January 31, 2019 which the Court denied as untimely on February 7, 2019.[2] Sudler then filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 on March 6, 2019, in which he alleges, in part, ineffective assistance of counsel.

## FACTS

According to the Affidavit of Probable Cause and the transcript of the Preliminary Hearing, the police suspected Sudler of drug dealing and accordingly set up surveillance of the Hardees parking lot, 519 S. Bay Road, Dover, Delaware awaiting Sudler's arrival. The police then attempted to apprehend Sudler and he resisted arrest forcibly and had to ultimately be pulled from his vehicle. A loaded hand gun and various amounts of drugs packaged for sale were located in the vehicle. Sudler was the sole occupant of the car. After his arrest Defense Counsel filed a Motion to Suppress evidence which was scheduled on the morning of Sudler's trial. The motion did not go forward as Sudler

---

[1] *State v. Sudler*, Del. Super., I.D. No. 1708017970, Clark, J. (June 11, 2018) )(ORDER).

[2] *State v. Sudler*, Del. Super., I.D. No. 1708017970, Clark, J. (Feb. 7, 2019) )(ORDER).

5

chose to plead guilty to one count of Drug Dealing in exchange for the State dropping the remaining charges and the linked violation of probation allegations. Sudler was also facing substantial time in prison had he been found guilty of violating his probation as a result of the new charges.

## SUDLER'S CONTENTIONS

Next, Sudler filed the instant Motion for Postconviction Relief pursuant to Superior Court Rule 61. In his motion, he raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Illegal Search and Seizure. |

Ground one: Illegal Search and Seizure.
The Dover Police and State police had an anonymous tip that the Defendants brother Anthony Sudler was going to respond to Hardees restaurant to deliver a quantity of heroin. When police approached the Hardees parking lot it is alleged that the defendant put his vehicle in reverse to exit parking lot. There is no dashboard cam footage to corroborate any of the officers actions. There was no probable cause to warrant this illegal stop, detention, or seizure. The officers arrested Mr. Sudler without probable cause nor did they have reasonable suspicion that the defendant was armed and dangerous. That the defendant had committed, was committing, or was about to commit a crime. An anonymous tip or information is not a factual foundation that warrants probable cause.

Ground two: Suppression of Favorable Evidence.
My lawyer said suppression hearing is good for us because they were looking for my brother Anthony Sudler, didn't have probable cause to arrest me. I did nothing wrong by sitting in the Hardees parking lot. I never sold a drug to anyone. There was never an exchange or an agreed upon prize (sic). I was suppose (sic) to meet up with two girls to have sex with. I was

only out past curfew because I just got off of work and if that's the case I did most of my back-up time already. I been incarcerated for 19 months.

Ground three: Effective assistance of counsel.
My lawyer kept telling me different things, first told me that 18 months was on the table. I said I would take it he told me no because we could get time served or win suppression hearing. Then he said 3 years but said we weren't taking it, he's going for time served. My court dates got postponed multiple times at least 7. He was not communicating with me and the last court date he said 6 years and said if I didn't take it the prosecutor would go up to 10 years. He never worked for me to get the best possible Plea. It's my first time doing time so I was scared.

The grounds listed above represent all of Sudler's claims. He did not submit a memorandum in support of the motion.

**DISCUSSION**

Under Delaware law, the Court must first determine whether Sudler has met the procedural requirements of Superior Court Criminal Rule 61(I) before it may consider the merits of the postconviction relief claims.[3] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[4] Sudler's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Sudler's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

_____

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[4] Super. Ct. Crim. R. 61(i)(1).

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[5] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[6] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[7] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[8] Sudler's motion pleads neither requirement of Rule 61(d)(2).

None of Sudler's claims were raised at the plea, sentencing or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Sudler's third claim is based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised it earlier. Sudler's first and second claims which are essentially the same allegation regard suppression of evidence were not raised on appeal. Furthermore, Sudler specifically acknowledged during his plea that he was waiving his rights to contest the evidence against him.[9] Finally as the State noted in its response, Sudler was on probation at the time of his arrest and was found out after his curfew and identified by his probation officer, For these reasons

---

[5] Super. Ct. Crim. R. 61(i)(3).

[6] Super. Ct. Crim. R. 61(i)(5).

[7] Super. Ct. Crim. R. 61(d)(2)(i).

[8] Super. Ct. Crim. R. 61(d)(2)(ii).

[9] *State v. Sudler*, Del. Super., I.D. No. 1708017970, (April 27, 2018), Tr. at 3, 5-7.

alone there was a legitimate reason to have attempted to arrest Sudler. Clearly, Sudler's first and second grounds for relief are procedurally barred by Rule 61(i)(3) and are meritless.

At this point, Rule 61(i)(3) does not bar relief as to Sudler's third ground for relief provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Sudler must meet the two-prong test of *Strickland v. Washington*.[10] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[11] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[12] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[13] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[14] This standard is

---

[10] 466 U.S. 668 (1984).

[11] *Id*. at 687.

[12] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[13] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[14] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

9

highly demanding.[15] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[16]

Following a complete review of the record in this matter, it is abundantly clear that Sudler has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Sudler's self-serving claims that his counsel's representation was ineffective. Sudler's counsel denies the allegations.

Sudler was facing the possibility of substantial time in prison had he been convicted on the charges and subsequently convicted for violating his probation as well. The sentence and plea were very reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Sudler and his attorney discussed the case. The plea bargain was clearly advantageous to Sudler. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Sudler entered his guilty plea, he stated he was satisfied with defense counsel's performance. He also admitted his guilt twice.[17] He is bound by his statement unless he presents clear and convincing evidence to the contrary.[18] Consequently, Sudler has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Sudler was somehow deficient, Sudler must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete

---

[15] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[16] *Strickland*, 466 U.S. at 689.

[17] *State v. Sudler*, Del. Super., I.D. No. 1708017970, (April 27, 2018), Tr. at 6, 8.

[18] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

allegations of actual prejudice and substantiate them or risk dismissal.[19] In an attempt to show prejudice, Sudler simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Sudler's third ground for relief meritless.

To the extent that Sudler alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[20] At the guilty-plea hearing, the Court asked Sudler whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Sudler if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Sudler if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Sudler if he was entering into the plea because he was guilty of the charge. The Court also asked Sudler if he was satisfied with this counsel's representation. Sudler answered each of these questions affirmatively.[21]

Furthermore, prior to entering his guilty plea, Sudler signed a Guilty Plea Form and Plea Agreement in his own handwriting. Sudler's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement.

---

[19] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[20] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[21] *State v. Sudler*, Del. Super., ID No. 1708017970 (April 27, 2019) Tr. at 4-11.

Sudler is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[22] I confidently find that Sudler entered his guilty plea knowingly and voluntarily and that Sudler's grounds for relief are completely meritless.

## CONCLUSION

I find that Sudler's counsel represented him in a competent and effective manner and that Sudler has failed to demonstrate any prejudice stemming from the representation. I also find that Sudler's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Sudler's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3) and (4).


<u>Andrea M. Freud</u>
Commissioner


AMF/dsc

---

[22] *Sommerville* 703 A.2d at 632.